**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAILASH UPADHYAY, | No. 08-75227 |
| Petitioner, | |
| | Agency No. A099-776-954 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Kailash Upadhyay, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that, even if Upadhyay were credible, any presumption of a well-founded fear was rebutted by evidence that he could reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Gonzalez-Hernandez*, 336 F.3d at 998-99. Accordingly, Upadhyay's asylum claim fails.

Because Upadhyay failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez-Hernandez*, 336 F.3d at 1001 n.5.

Substantial evidence also supports the agency's denial of CAT protection because Upadhyay failed to demonstrate it is more likely than not he will be tortured if returned to India. *See* 8 C.F.R. § 1208.16(c)(3); *see also Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006). Upadhyay's contention that the BIA applied the wrong standard to his CAT claim is belied by the record.

**PETITION FOR REVIEW DENIED.**